**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-80122-Cr-Middlebrooks/Brannon

**21 U.S.C. § 846**
**21 U.S.C. § 841(a)(1)**

**UNITED STATES OF AMERICA**

v.

**ARMAN ABOVYAN and**
**TINA MARIE BARBUTO,**

      **Defendants.**

_____/

```
FILED BY ___TM___
              Deputy Clerk

   Jun 19, 2018

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. West Palm Beach
```

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

From at least as early as July 20, 2016, the exact date being unknown to the Grand Jury, through on or about December 30, 2016, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ARMAN ABOVYAN**
**and**
**TINA MARIE BARBUTO,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with K.C. and other persons known and unknown to the Grand Jury, to distribute, possess with intent to distribute, and dispense outside the scope of professional practice and not for a legitimate medical purpose, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a Schedule II controlled substance, that is, a mixture and substance containing

a detectable amount of amphetamine.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of lisdexamfetamine.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of dextroamphetamine.

Pursuant to Title 21, United States Code, Section 841(b)(1)(E), it is further alleged that this violation involved a Schedule III controlled substance, that is, a mixture and substance containing a detectable amount of buprenorphine.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, a mixture and substance containing a detectable amount of clonazepam.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, a mixture and substance containing a detectable amount of lorazepam.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, a mixture and substance containing a detectable amount of phenobarbital.

2

## COUNT 2

On or about July 20, 2016, in Broward County, in the Southern District of Florida, the defendants,

**ARMAN ABOVYAN
and
TINA MARIE BARBUTO,**

did knowingly and intentionally distribute and dispense outside the scope of professional practice and not for a legitimate medical purpose, a controlled substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(E), it is further alleged that this violation involved a Schedule III controlled substance, that is, a mixture and substance containing a detectable amount of buprenorphine.

## COUNT 3

On or about December 30, 2016, in Broward County, in the Southern District of Florida, the defendants,

**ARMAN ABOVYAN
and
TINA MARIE BARBUTO,**

did knowingly and intentionally possess with intent to distribute a controlled substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of amphetamine.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a Schedule II controlled substance, that is, a mixture and substance containing

3

a detectable amount of lisdexamfetamine.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of dextroamphetamine.

Pursuant to Title 21, United States Code, Section 841(b)(1)(E), it is further alleged that this violation involved a Schedule III controlled substance, that is, a mixture and substance containing a detectable amount of buprenorphine.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, a mixture and substance containing a detectable amount of clonazepam.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, a mixture and substance containing a detectable amount of lorazepam.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, a mixture and substance containing a detectable amount of phenobarbital.

## CRIMINAL FORFEITURE ALLEGATIONS

1.    The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, ARMAN ABOVYAN and TINA MARIE BARBUTO, have an interest.

2.    Upon conviction for a violation of Title 21, United States Code, Section 846, or Title 21, United States Code, Section 841(a)(1), as alleged in this Indictment, the defendants,

4

ARMAN ABOVYAN and TINA MARIE BARBUTO, shall forfeit to the United States of America any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violation, and any property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL.

FOREPERSON

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

5

UNITED STATES OF AMERICA           CASE NO. _____

vs.

**CERTIFICATE OF TRIAL ATTORNEY\***

**ARMAN ABOVYAN &**
**TINA MARIE BARBUTO,**
         **Defendant.**
_____ /    **Superseding Case Information:**

**Court Division**: (Select One)

| | | |
|---|---|---|
| New Defendant(s) | YES _____ | NO ____ |
| Number of New Defendants | _____ | |
| Total number of counts | _____ | |

Miami _____  Key West _____
FTL ____  WPB __X__  FTP ___

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:    (Yes or No)    No
    List language and/or dialect    _____

4.   This case will take    5-10    days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
    (Check only one)                         (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | X | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | | | |

6.   Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: _____  Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) __No__
If yes:  Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the
District of _____

Is this a potential death penalty case? (Yes or No) ____Yes    __X__ No

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    __X__ No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

A. Marie Villafana
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0018255

\*Penalty Sheet(s) attached                      REV.9/11/07

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  ARMAN ABOVYAN

**Case No:**

Count # 1:

Conspiracy to Possess, Distribute, and Dispense Controlled Substances (Schedule II, III, & IV)

Title 21, United States Code, Section 846

**\*Max. Penalty:**   20 Years' Imprisonment; $1,000,000 fine; Supervised Release of 3 Years to Life; $100 Special Assessment.

Count # 2:

Unlawful Dispensing of Controlled Substances (Schedule III)

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**   10 Years' Imprisonment; $500,000 fine; Supervised Release of 2 Years to Life; $100 Special Assessment.

Count # 3:

Possession with Intent to Distribute Controlled Substances (Schedule II, III, & IV)

Title 21, United States Code, Section 846

**\*Max. Penalty:**   20 Years' Imprisonment; $1,000,000 fine; Supervised Release of 3 Years to Life; $100 Special Assessment.

**\*Refers only to possible term of incarceration, fines, and special assessments.   Does not include possible restitution, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   TINA MARIE BARBUTO

**Case No:** _____

Count # 1:

Conspiracy to Possess, Distribute, and Dispense Controlled Substances (Schedule II, III, & IV)

Title 21, United States Code, Section 846

**\*Max. Penalty:**   20 Years' Imprisonment; $1,000,000 fine; Supervised Release of 3 Years to Life; $100 Special Assessment.

Count # 2:

Unlawful Dispensing of Controlled Substances (Schedule III)

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**   10 Years' Imprisonment; $500,000 fine; Supervised Release of 2 Years to Life; $100 Special Assessment.

Count # 3:

Possession with Intent to Distribute Controlled Substances (Schedule II, III, & IV)

Title 21, United States Code, Section 846

**\*Max. Penalty:**   20 Years' Imprisonment; $1,000,000 fine; Supervised Release of 3 Years to Life; $100 Special Assessment.

**\*Refers only to possible term of incarceration, fines, and special assessments.   Does not include possible restitution, parole terms, or forfeitures that may be applicable.**