UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-CR-80122-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TINA MARIE BARBUTO,

    Defendant.

_____/

## ORDER GRANTING COMPASSIONATE RELEASE

THIS CAUSE is before the Court upon a Motion for Compassionate Release filed by *pro se* Defendant Tina Marie Barbuto ("Defendant") on April 21, 2020. (DE 311). Plaintiff, the United States of America ("the Government"), responded on April 27, 2020. (DE 313). For the following reasons, Defendant's Motion is granted.

### I. BACKGROUND

In the present Motion, Defendant seeks compassionate release so as to lessen her chances of contracting the COVID-19 virus, which has serious and potentially lethal consequences for individuals of her medical background.[1]

On November 26, 2018, Defendant pled guilty to conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349. (DE 162). Essentially, Defendant's crime involved participation in a conspiracy to fraudulently bill insurance companies for unnecessary and/or unauthorized

---

[1] *See* CDC, *Coronavirus Disease 2019 (COVID-19), People who are at higher risk for severe illness*, March 26, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

medical testing and drug prescriptions. (DE 163). The Government acknowledges that Defendant played only a minor role in this conspiracy and that this was her first offense. (DE 162 ¶7e; DE 238). On January 25, 2019, the Court sentenced Defendant to 36 months imprisonment, in part due to the Government's recommendation that a downward departure should be applied "because the defendant committed the offense while suffering from a significantly reduced mental capacity, which contributed substantially to the commission of the offense (DE 248; DE 162 ¶ 7j).

Defendant is set to be released on July 1, 2020. (DE 313 at 6). At that time, Defendant is currently scheduled to be placed in a Residential Reentry Center ("RRC"). (DE 313 at 6). Defendant's current release date from RRC is scheduled for December 27, 2020, contingent upon her completion of the Residential Drug Abuse Program. (DE 313 at 6). After completing her time at the RRC, Defendant would begin living with her sister, Rose Barbuto. (DE 311-1). Rose's home has been pre-approved for such placement. (DE 311-1).

Defendant alleges that due to her medical history she is at heightened risk of suffering severe illness or even death if she contracts the COVID-19 virus. Defendant has a history of heart disease in her family and was recently diagnosed with hypertension. (DE 311 at 12-13). She also suffers from polyps in her nose, which have been left untreated. *Id.* Further, due to the considerable anxiety associated with incarceration, Defendant has recently gained 50 pounds. (DE 311 ¶ 5).

Defendant was placed on the initial COVID-19 list for placement in home confinement, but the Government is not aware whether any determination has been made as to her eligibility, or when such a determination will be made. (DE 313 at 6). On March 23, 2020, Defendant requested that the Warden allow her to be placed on home confinement for the remainder of her sentence. (DE 311 ¶ 6). Defendant's case manager has since informed her that this request was denied, but Defendant has not received confirmation in writing. (DE 311 ¶6).

Defendant seeks to be released so that she can immediately begin self-quarantining at her sister's home. (DE 311 ¶ 8; DE 311-1). There, Defendant will have her own bedroom and bathroom, and therefore can remain isolated for the recommended 14-day period. (DE 311 ¶ 8).

## II.   LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides, in pertinent part, that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction" and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. Before granting compassionate release, the Sentencing Commission directs courts to consider when a defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13.

## III.   DISCUSSION

### A. Exhaustion of Administrative Remedies

The Parties agree that Defendant has exhausted administrative remedies. Defendant filed a motion with the Bureau of Prisons on March 23, 2020. Section § 3582(c)(1)(A) allows the Bureau of Prisons 30 days to process such requests. As the 30-day period has elapsed, this Court may consider Defendant's motion.

### B. Compassionate Release Based on Defendant's Medical Conditions

As I am not procedurally foreclosed from granting compassionate release, I must now consider whether Defendant has displayed an extraordinary and compelling reason sufficient to justify release. Application Note 1 of Section 1B1.13 of the Sentencing Guidelines describes "extraordinary and compelling reasons" for release as including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes an "extraordinary and compelling reason" justifying compassionate release. U.S.S.G. 1B1.13.

I find that Defendant has demonstrated extraordinary and compelling reasons justifying her immediate release under Section 3582(c)(1)(A) and U.S.S.G. § 1B1.13. The COVID-19 virus is highly contagious and can be spread even by asymptomatic carriers.[2] The virus is "spread mainly from person-to-person . . . [b]etween people who are in close contact with one another . . . [t]hrough respiratory droplets produced when an infected person coughs or sneezes."[3] "Courts around the country have recognized that the risk of COVID-19 to people held in jails and prisons 'is significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected.'" *See United States v. Williams,* 2020 WL 1751545, at *2 (N.D. Fla. Apr. 1, 2020) (quoting *Basank v. Decker*, --- F. Supp. 3d ---, 2020 WL 1481503, at

---

[2] Marco Cascella *et al.*, Features, Evaluation and Treatment Coronavirus (COVID-19), National Center for Biotechnology Information ("NCBI"), March 20, 2020, https://www.ncbi.nlm.nih.gov/books/NBK554776/#_ncbi_dlg_citbx_NBK554776.

[3] *See CDC, Coronavirus Disease 2019 (COVID-19), How It Spreads*, March 4, 2020, https://www.cdc.gov/coronavirus/2019-ncov/prepare/transmission.html.

\*3 (S.D.N.Y. March 26, 2020), and citing *United States v. Harris*, --- F. Supp. 3d ---, 2020 WL 1503444, at ¶ 7 (D.D.C. Mar. 27, 2020)); *United States v. Campagna*, 2020 WL 1489829, at \*2 (S.D.N.Y. Mar. 27, 2020); *Castillo v. Barr*, 2020 WL 1502864, at \*2 (C.D. Cal. Mar. 27, 2020); *United States v. Kennedy*, 2020 WL 1493481, at \*2-3 (E.D. Mich. Mar. 27, 2020); *United States v. Garlock*, 2020 WL 1439980, at \*1 (N.D. Cal. Mar. 25, 2020)).

Defendant's medical conditions place her at increased risk of severe illness if she contracts COVID-19. *See United States v. Rodriguez*, No. 2:03-cr-271, Doc. # 135 at 2 (E.D.P.A. Apr. 1, 2020) (granting compassionate release because for a diabetic inmate, "nothing could be more extraordinary and compelling than this pandemic"). As the COVID-19 pandemic continues to pose a substantial threat to individuals across this country, with thousands of Americans dying each week,[4] I find that Plaintiff will be able to substantially reduce her risk of contracting this virus if she is permitted to self-quarantine in her sister's home.

I also find that based on the nature of Defendant's crime and lack of criminal history, she is not a danger to the safety of any other person or to the community, and thus the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of her release.

## IV.   CONCLUSION

Based upon the foregoing, and after careful consideration of the Parties' written submissions, the record, and applicable law, I find that it is appropriate to grant Defendant's request for compassionate release. Accordingly, it is hereby

**ORDERED and ADJUDGED** that:

---

[4] *See CDC, Coronavirus Disease 2019 (COVID-19), Provisional Death Counts for Coronavirus Disease*, April 17, 2020, https://www.cdc.gov/coronavirus/2019-ncov/prepare/transmission.html.

5

1. Defendant Tina Marie Barbuto's Motion for Compassionate Release (DE 311) is **GRANTED**.

2. Defendant's sentence of imprisonment is hereby reduced to time served, effective immediately. Upon release from imprisonment, Defendant shall comply with all standard conditions of supervised release with the following additional special condition:

    Home Detention with Electronic Monitoring - The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of **EIGHT (8) MONTHS**. During this time, the defendant shall remain at her place of residence except for employment, religious observances, medical appointments and other activities approved in advance and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at her place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

    Substance Abuse Treatment - The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

    All previous conditions imposed in the judgment and commitment order remain in full force and effect. (DE 248).

3. Defendant must report in person to the United States Probation Office within 72 hours of her release.

**SIGNED** in Chambers at West Palm Beach, Florida, this 28th day of April, 2020.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE